Roger **GOSWITZ**, et al., **Plaintiffs,**

and

**Lumbermens Mutual Casualty, intervenor, Appellant,**

v.

**Doreen FIEDLER, Respondent.**

**No. C7–88–1633.**

Court of Appeals of Minnesota.

Feb. 21, 1989.

Timothy C. Godfrey, Mark A. Fonken, Jardine, Logan & O'Brien, St. Paul, for appellant.

Lee L. LaBore, Steven L. Viltoft, Lee L. LaBore & Associates, Hopkins, for respondent.

Heard, considered and decided by PARKER, P.J., and SCHUMACHER and SCHULTZ, JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.

### FACTS

In 1982, plaintiff Goswitz and respondent Fiedler were involved in an accident at a "T" intersection in Edina. At the time of the accident, Goswitz was in the course of his employment with Starline Optical Com-

pany; Starline's workers' compensation carrier is appellant/intervenor Lumbermens Mutual Casualty Insurance Company.

There were four witnesses to the accident: plaintiff, respondent, Alan Frailich and Linda Johnson. Both parties testified that they entered the intersection with green lights in their favor. As to the independent witnesses, Frailich testified that he was stopped in a line of traffic at the red light when Goswitz's car passed him. Frailich's testimony on direct and cross-examination differed in some respects concerning the status of the traffic light at the point of impact.

Johnson did not appear personally at the trial. At the time of the accident, she lived in Virginia, and was in Minnesota on business. In Johnson's absence, respondent was allowed to read to the jury a statement purportedly taken from Johnson nearly one month after the accident. Before trial, respondent gave notice to plaintiffs of his intent to offer the statement pursuant to the residual exception to the hearsay rule. See Minn.R.Evid. 804(b)(5). An affidavit was also submitted, explaining the various unsuccessful methods used to contact Johnson. The statement was not given under oath, nor was Johnson subject to cross-examination. However, both an investigator representing plaintiff and a police officer also obtained a statement from Johnson.

The trial court allowed respondent to read one edited statement to the jury over plaintiff's repeated objections. The court refused to allow appellant to state its objection as to the admission of the statement. Respondent and Johnson were previously unacquainted, and Johnson's statement strongly favored respondent's version of the accident.

Before trial, all attorneys met with the trial judge in chambers to discuss appellant's role in the trial, and the admissibility of Johnson's statement. At that time, the court made appellant's position clear:

MR. FONKEN [appellant's counsel]: Your Honor, I do wish to state for the record with the Court's [permission] that

*I am representing the same party as Mr. Sawicki* [plaintiff's counsel]—

THE COURT: Well, so there's no mistake, for the record, you have a derivative claim, Mr. Fonken, and no additional rights inure to you, *you are not going to split a plaintiff's case* because the plaintiff had some insurance coverage that you fellows must try this case together.

MR. FONKEN: I understand the Court's position, but all I wish to state for the record on this is *I am here in this case if Mr. Sawicki Naigs out and then the name of the plaintiff would be listed as the insurance carrier.*

THE COURT: Sure.

(Emphasis added).

A special verdict was submitted to the jury, but appellant's suggested form was rejected by the trial court. The jury found only Goswitz negligent. The trial court ordered judgment against plaintiff, and assessed costs.

## ISSUES

1. Whether the trial court erred in limiting appellant/intervenor's role in trial?

2. Whether the trial court abused its discretion in admitting Johnson's statement into evidence?

## ANALYSIS

1. Appellant alleges the trial court erred in refusing to allow it to participate as a "full" party in the trial.

Generally, the trial court may establish the procedure for presentation of a case in an unusual situation, absent an abuse of discretion. *See Simon v. Carroll,* 241 Minn. 211, 62 N.W.2d 822 (1954); *Tripplet v. Hernandez,* 238 Minn. 208, 56 N.W. 2d 645 (1952). In *Simon,* one party was both a plaintiff and defendant in a consolidated suit, and was represented by separate attorneys in each capacity. The supreme court held that whether each set of attorneys may present a separate argument to the jury, and to what extent, rested in the discretion of the trial court. *Simon,* 241 Minn. at 218, 62 N.W.2d at 827; *see also Curran v. Chicago Great Western*

*Railroad Co.,* 134 Minn. 392, 159 N.W. 955 (1916). Likewise, in a similar situation in *Tripplet,* the court held the trial court had extensive discretion, but noted that "no unfair advantage shall be taken against any litigant which would result in a miscarriage of justice," *Tripplet,* 238 Minn. at 218, 56 N.W.2d at 650.

In its post-trial memorandum denying appellant's motion for a new trial, the court noted the lack of adversity between plaintiffs' and appellant's claims, *and* specifically found that it would have been unfair to allow both attorneys to examine witnesses on behalf of their mutual interest. The court also noted that the two attorneys were allowed to confer and decide which attorney would undertake which duties in the trial. The record supports these findings. We believe the matter rests in the trial court's sound discretion.

Appellant also alleges that the trial court's action jeopardizes the subrogation rights afforded by Minn.Stat. § 176.061, subds. 5, 7 (1982).

Appellant misconstrues the intention of the statutes and their interpretation through case law. A workers' compensation employer is subject to the general rules of subrogation:

It is elementary that a subrogee is entitled to no greater rights than the one to whom he is subrogated. He merely steps into the shoes of his subrogor. It follows that, if liability to [the subrogor] was excluded * * * [the subrogees] have no greater rights to recover than he had.

*Employers Liability Assurance Corp. v. Morse,* 261 Minn. 259, 263, 111 N.W.2d 620, 624 (1961) (citations omitted). Also, the supreme court, in reviewing the purpose behind the third party action provision contained in the workers' compensation statutes, stated:

Such an action accomplishes two beneficial results for the workers' compensation system: (1) *the at-fault third party is made to reimburse the employer who has been forced to bear the cost of the third party's activity;* and (2) the employee obtains a full common-law recovery against the third party, who is not

subject to the benefits and burdens of the workers' compensation system.

*Lambertson v. Cincinnati Corp.*, 312 Minn. 114, 121, 257 N.W.2d 679, 684–85 (1977) (emphasis added). In this case, there are no rights or money over which appellant may assert its subrogation right: the jury specifically found the subrogor (Goswitz) 100% negligent. In the words of *Lambertson,* respondent was not found to be the "at-fault third party," and therefore the statutory protections of reimbursement, etc., are not applicable.

■ 2. Appellant next maintains the trial court erred in admitting Johnson's statement into evidence under the residual exception to the hearsay rule. *See* Minn.R. Evid. 804(b)(5). Rulings on the admissibility of evidence will be overturned only if this court finds that the trial court abused its discretion. *Betzold v. Sherwin,* 404 N.W.2d 286, 288 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. June 25, 1987) (citing *In re Conservatorship of Torres,* 357 N.W. 2d 332, 341 (Minn.1984)).

Minn.R.Evid. 804(b)(5) provides in part:

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(5) *Other exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name, address and present whereabouts of the declarant.

Appellant asserts that Johnson's statement fails to meet the standard set forth in the rule in that it (1) does not have circumstantial guarantees of trustworthiness; (2) is not more probative on the point for which it is offered; (3) does not serve the interests of justice and the purpose of the Minnesota rules; and (4) may not be admitted due to lack of proper notice. *See State v. Hansen,* 312 N.W.2d 96 (Minn.1981) (enumerating criteria for admitting statement under Minn.R.Evid. 804(b)(5)).

Appellant maintains that due to the lack of oath and the time span between the accident and the statement, Johnson's statement lacks sufficient guarantees of trustworthiness. *Id.* at 101–02. However, in contrast to this case, *Hansen* was a criminal case in which the court was concerned with the defendant's right to confront witnesses. *Hansen,* 312 N.W.2d at 102. Also, the declarant in *Hansen* admitted she paid little attention to the event in question, was concerned with collecting a reward, and was in the middle of a disagreement with the person implicated by her statement. *Id.* The court also found that the corroborating evidence of her statement "did not provide a sufficient degree of reliability to justify the admission of the declaration." *Id.* (the witness refused to testify although she was available).

Here, it is virtually undisputed that Johnson was an unbiased witness, and she was not available to testify. Further, the court specifically found all three of her statements to be consistent, and noted that an admission by the party opponent (Goswitz) also corroborated Johnson's statement.

Appellant alleges there was no showing that Johnson's statement was more probative than other available evidence, nor a showing that introduction of the statement served the interests of justice. The trial court did not address these two considerations vocally when admitting the statement. Neither the rule nor case law appears to require the trial court to make such specific oral findings.

Appellant also maintains the statement should not have been admitted due to lack of notice to appellant. The trial court noted that *plaintiff* received notice, as required under the rule.

In our view, the trial court did not abuse its discretion in admitting the statement. In any event, any error was harmless; there was other evidence sufficient to uphold the jury determination.

## DECISION

The trial court did not abuse its discretion in limiting appellant's role at trial or in admitting the hearsay statement of an unavailable witness.

AFFIRMED.